IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRY LYNN BRAINE,<br><br>Defendant. | CR 19-64-BLG-SPW<br><br><br>ORDER |

On January 15, 2020, the Court conducted a Competency Hearing in this case. The representations of counsel and the report submitted by Forensic Psychologist Cynthia A. Low, Ph.D., and the staff at the Federal Detention Center in SeaTac, Washington, establish and the Court finds by a preponderance of the undisputed evidence that Defendant Terry Lynn Braine is suffering from a mental disease or defect rendering him incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or assist in his defense. The Defendant Terry Lynn Braine is not now competent to stand trial. 18 U.S.C. § 4241.

ORDERED:

1.     Defendant Terry Lynn Braine is committed to the custody of the Attorney General.

2.     The United States Marshals Service shall take no more than ten (10) days each way to transport Terry Lynn Braine from the District of Montana to the designated federal facility and to return Terry Lynn Braine from the designated federal facility back to the District of Montana. *See* 18 U.S.C. § 3161(h)(1)(F).

3.     The Attorney General shall hospitalize Defendant Terry Lynn Braine for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant Terry Lynn Braine will attain the capacity to permit the trial to proceed.

4.     The Attorney General shall provide the Court with a report on Defendant Terry Lynn Braine's mental condition and competency to stand trial no later than 90 days from the date of commencement of the hospitalization and treatment as ordered.

5.     In the event the facility finds there is no substantial probability that in the foreseeable future the defendant will be able to assist in his defense and permit this case to move forward, the director of the facility shall file a certificate, pursuant to 18 U.S.C. § 4246(a), stating whether the defendant is presently

suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another and whether suitable arrangements for state custody and care of the person are available.

6.    For purposes of the Speedy Trial Act, the delay resulting from these psychiatric or psychological evaluations is excludable under 18 U.S.C. § 3161(h)(1)(A).

DATED this _15th_ day of January, 2020.

SUSAN P. WATTERS
United States District Judge