IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRY LYNN BRAINE,<br><br>Defendant. | CR 19-64-BLG-SPW<br><br>ORDER |

On September 23, 2020, this Court determined that Defendant Terry Lynn Braine was suffering from a mental disease or defect rendering him incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or assist in his defense. (Doc. 25 at 1). The Court subsequently committed Braine, under 18 U.S.C. § 4241(d)(2)(A), to the custody of the Attorney General for placement in a medical facility until such time, not to exceed four months, as Braine is deemed competent for trial. (Id. at 2).

Shortly thereafter, the Court received notice from the United States Marshal Service ("USMS") that the medical facility designated for Braine is facing a lack of available bed space. The Justice Prisoner & Alien Transportation System ("JPATS") requested an extension date of December 31, 2020 in which to transfer Braine.

1

Braine objects to this extension as an unreasonable amount of time to restore competency under 18 U.S.C. § 4241(d)(2) (establishing authority for the Attorney General to hospitalize a defendant deemed incompetent for an "additional reasonable amount of time" past the described four months if the court finds it substantially probable that the additional time will help restore the defendant's competency).

However, as pointed out by the Government, allowing an incompetent defendant to stand trial is a violation of that defendant's due process rights. *Cooper v. Oklahoma*, 517 US. 348, 354 (1996). The Ninth Circuit further excludes any delay that occurs during the time the defendant is deemed incompetent as irrelevant to the Speedy Trial Act calculation. *United States v. Romero*, 833 F.3d 1151, 1155 (9th Cir. 2016); see also 18 U.S.C § 3161(h)(4) (excluding any "period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" from the Speedy Trial Act calculation).

Therefore, the Court finds that JPATS' requested extension date is reasonable given the uncontrollable delay in the availability of bed space at the medical facility and this Court's determination that Braine is presently incompetent to stand trial.

IT HEREBY ORDERED that JPATS request is GRANTED. JPATS shall have until December 31, 2020 within which to transfer Defendant Terry Braine to the Federal Medical Facility in Butner, North Carolina for treatment.

The Clerk of Court shall immediately notify the parties and the United States Marshals Service of the entry of this Order.

DATED this 2nd day of October, 2020.

SUSAN P. WATTERS
United States District Judge